TERMED

## U.S. District Court
### District of Hawaii - CM/ECF V2.5 (11/05) (Hawaii)
### CIVIL DOCKET FOR CASE #: 1:02-cv-00062-SPK-BMK

Resnick v. Sports Shinko (Kauai, et al
Assigned to: JUDGE SAMUEL P KING
Referred to: JUDGE BARRY M. KURREN
Demand: $0
Cause: 28:1332 Diversity-Other Contract

Date Filed: 01/29/2002
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**David Resnick**
*doing business as*
Kauai Investment Partners

represented by **Bruce L. Lamon**
Goodsill Anderson Quinn & Stifel LLLP
Alii Place
1099 Alakea St Ste 1800
Honolulu, HI 96813-2639
547-5600
Email: blamon@goodsill.com
*TERMINATED: 03/14/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ellen Ann Cirangle**
Goodsill Anderson Quinn & Stifel LLLP
Alii Place
1099 Alakea St Ste 1800
Honolulu, HI 96813-2639
547-5600
*TERMINATED: 03/14/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jerry H. Stein**
Levin & Stein
12424 Wilshire Blvd. #1450
Los Angeles, CA 90025
(310)207-4663
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ken T. Kuniyuki**
1001 Bishop St Ste 2660
Pauahi Tower
Honolulu, HI 96813-3429
524-4111


EXHIBIT 32

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Sports Shinko (Kauai) Co., Ltd.**                represented by   **Glenn T. Melchinger**
*TERMINATED: 01/23/2003*                                            Alston Hunt Floyd & Ing
*doing business as*                                                 ASB Tower
Sports Shinko Kauai Development                                     1001 Bishop St Ste 1800
                                                                    Honolulu, HI 96813
                                                                    524-1800
                                                                    Email: gtm@ahfi.com
                                                                    *TERMINATED: 01/23/2003*
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**John T. Komeiji**
Watanabe Ing Kawashima & Komeiji
First Hawaiian Center
999 Bishop St 23rd Flr
Honolulu, HI 96813
544-8300
*TERMINATED: 01/23/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nadine Y. Ando**
McCorriston Miller Mukai MacKinnon LLP
Five Waterfront Plaza Ste 400
500 Ala Moana Blvd
Honolulu, HI 96813
529-7300
*TERMINATED: 10/29/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Alston**
Alston Hunt Floyd & Ing
ASB Tower
1001 Bishop St Ste 1800
Honolulu, HI 96813
524-1800
Email: palston@ahfi.com
*TERMINATED: 01/23/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip W. Miyoshi**

        McCorriston Miller Mukai MacKinnon LLP
        Five Waterfront Plaza Ste 400
        500 Ala Moana Blvd
        Honolulu, HI 96813
        529-7300
        *TERMINATED: 10/29/2002*
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

        **Shelby Anne Floyd**
        Alston Hunt Floyd & Ing
        65-1230 Mamalahoa Hwy
        Kamuela, HI 96743
        808 885-6762
        Email: sfloyd@ahfi.com
        *TERMINATED: 01/23/2003*
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

**Defendant**
**Dr. Satoshi Kinoshita**
*TERMINATED: 01/23/2003*

represented by   **John T. Komeiji**
        (See above for address)
        *TERMINATED: 01/23/2003*
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

        **Nadine Y. Ando**
        (See above for address)
        *TERMINATED: 10/29/2002*
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

        **Philip W. Miyoshi**
        (See above for address)
        *TERMINATED: 10/29/2002*
        *LEAD ATTORNEY*
        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/29/2002 | 1 | COMPLAINT; exhibit a; demand for jury trial; summons (issued) (lmg) (Entered: 02/01/2002)  |
| 01/29/2002 | 2 | ORDER by Judge David A. Ezra rule 16 scheduling conference set for 9:00 4/29/02 before Mag Judge Barry M. Kurren (lmg) (Entered: 02/01/2002) |

GOODSILL ANDERSON QUINN & STIFEL
A Limited Liability Law Partnership LLP

BRUCE L. LAMON     2738-0
ELLEN A. CIRANGLE    7242-0
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, HI 96813
Telephone: 547-5600

Attorneys for Plaintiff
DAVID RESNICK
dba KAUAI INVESTMENT PARTNERS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID RESNICK dba KAUAI INVESTMENT PARTNERS,<br><br>    Plaintiff,<br><br>vs.<br><br>SPORTS SHINKO (KAUAI) CO., LTD., dba SPORTS SHINKO KAUAI DEVELOPMENT; DR. SATOSHI KINOSHITA,<br><br>    Defendants. | CIVIL NO. 02-00062 HG BMK<br><br>FIRST AMENDED COMPLAINT; EXHIBIT A; DEMAND FOR JURY TRIAL; SUMMONS<br><br><br><br>NO TRIAL DATE HAS BEEN SET |

FIRST AMENDED COMPLAINT

  For its complaint against Defendant Sports Shinko (Kauai) Co., Ltd., dba Sports Shinko Kauai Development, and Dr. Satoshi Kinoshita, Plaintiff David Resnick dba Kauai Investment Partners alleges as follows:

General:413507.1

<u>Parties</u>

1. Plaintiff David Resnick is a resident of Oregon doing business as Kauai Investment Partners (hereafter referred to as "KIP").

2. Defendant Sports Shinko (Kauai) Co., Ltd. (hereinafter referred to as "SSK") is a Hawaii corporation with its principal place of business within this judicial district. SSK does business as "Sports Shinko Kauai Development."

3. Upon information and belief, Defendant Dr. Satoshi Kinoshita is a resident of Hawaii.

<u>Jurisdiction and Venue</u>

4. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

5. Venue lies in this district pursuant to 28 U.S.C. § 1391(a) because all defendants reside within the State of Hawaii and within this judicial district, because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district, and because the property that is the subject of this action is located within this judicial district.

**Count I (Specific Performance)**

6. On or about January 12, 2002, KIP entered into that certain Deposit Receipt Offer and Acceptance contract with SSK attached hereto Exhibit A ("DROA").

7. Under the DROA, KIP agreed to buy, and SSK agreed to sell, that certain real property known as Kiahuna Golf Properties, together with all improvements thereon, comprising State of Hawaii Tax Map Key Parcel Numbers: 4-2-8-14-7, 8, 28, 31, 32, 33, 34, 35, 36, and 4-2-8-15-77 ("Kiahuna Golf Properties").

8. Among the improvements sold pursuant to the DROA were an 18-hole golf course, a pro shop, garage, restaurant and bathroom buildings.

9. The purchase price of the Kiahuna Golf Properties was $10,000,000.00.

10. On or about January 16, 2002, SSK, by and through its officer, director and agent, Dr. Satoshi Kinoshita, repudiated and/or anticipatorily breached the DROA by refusing to proceed with the sale of the Kiahuna Golf Properties to KIP.

11. KIP has duly and faithfully performed each of its obligations under the DROA.

12. KIP is ready, willing and able to perform each of its obligations under the DROA.

### Count II (Breach of Contract)

13. KIP repeats and realleges the allegations of Paragraphs 1-12 hereof as though set forth in full herein except to the extent inconsistent herewith.

14. As a proximate result of SSK's breach of the DROA, KIP has suffered reasonably foreseeable damages in amounts which shall be proven at trial.

### Count III (Breach of the Covenant of Good Faith and Fair Dealing)

15. KIP repeats and realleges the allegations of Paragraphs 1-14 hereof as though set forth in full herein except to the extent inconsistent herewith.

16. The DROA includes an implied covenant of good faith and fair dealing.

17. SSK, by its actions alleged above, has breached the implied covenant of good faith and fair dealing.

18. As a proximate result of SSK's breach of the covenant of good faith and fair dealing, KIP has suffered reasonably foreseeable damages in amounts which shall be proven at trial.

## Count IV (Fraud)

19. KIP repeats and realleges the allegations of Paragraphs 1-18 hereof as though set forth in full herein except to the extent inconsistent herewith.

20. On or about January 12, 2002, Defendant Dr. Satoshi Kinoshita (Kinoshita) accepted, on behalf of SSK, KIP's offer to purchase the Kiahuna Golf Course Properties, and promised SSK would sell that property to KIP.

21. Upon information and belief, on January 15, 2002, SSK entered into a Purchase and Sale Agreement to sell the Kiahuna Golf Course Properties to a third party or third parties, and on January 25, 2002, SSK sold the Kiahuna Golf Course Properties to a third party or third parties.

22. Kinoshita and SSK knew but failed to disclose to KIP that SSK was negotiating to sell, had entered into a Purchase and Sale Agreement to sell, and did sell the Kiahuna Golf Course Properties to a third-party or third parties.

23. Kinoshita and SSK knew that such information would be material to KIP.

24. Kinoshita's and SSK's failure to disclose such information proximately resulted in KIP: entering into the DROA; agreeing to, at Kinoshita's request, date the DROA to reflect a later date than the actual date of SSK's acceptance; spending monies in anticipation of purchasing the Kiahuna Golf Course Properties; and failing to act to preserve its right to purchase the property prior to SSK's sale of the property to third-parties.

25. Kinoshita and SSK failed to disclose the information because they knew that their failure to disclose such information would result in KIP's actions/failures to act set forth in paragraph 24.

25. Kinoshita and SSK's actions were taken wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, and/or willfully and with that entire want of care which would raise the presumption of a conscious indifference to consequences.

26. As a result of Defendant Kinoshita's actions, KIP has been damaged in amounts to be proven at trial.

### Count V (Negligence/Gross Negligence)

27. KIP repeats and realleges the allegations of Paragraphs 1-26 hereof as though set forth in full herein except to the extent inconsistent herewith.

29. SSK and Kinoshita were grossly negligent or negligent in failing to disclose to KIP that SSK was negotiating to sell, had entered into a Purchase and Sale Agreement to sell, and did sell the Kiahuna Golf Course Properties to a third-party or third parties.

30. As a result of SSK's and Kinoshita's negligence, KIP has been damaged in amounts to be proven at trial.

### Count VI (Reformation)

31. KIP repeats and realleges the allegations of Paragraphs 1-30 hereof as though set forth in full herein except to the extent inconsistent herewith.

32. The DROA at certain points gives the dates of certain signatures and initials as having been given or executed in the future, e.g., on February 15, 2002 and/or on February 16, 2002.

33. If, as, and to the extent the Court determines that the DROA is or may be unenforceable if these dates are taken as correct, KIP is entitled to reformation of the DROA to reflect the actual date of execution of the DROA, January 12, 2002.

### Count VII (Constructive Trust)

34. KIP repeats and realleges the allegations of Paragraphs 1-33 hereof as though set forth in full herein except to the extent inconsistent herewith.

35. Upon information and belief, SSK is in the process of selling or has sold some or all of the Kiahuna Golf Properties to a third party.

36. In the event SSK receives payment for such sale, SSK will be unjustly enriched by the portion of the sales proceeds attributable to the Kiahuna Golf Properties at the expense of KIP because such property justly belongs to KIP.

37. KIP requests the Court place the portion of the sales proceeds attributable to the Kiahuna Golf Properties in a constructive trust in favor of KIP.

WHEREFORE, KIP prays for an order requiring SSK to specifically perform its obligations under the DROA, including its obligation to convey Kiahuna Golf Properties to KIP upon the timely performance of KIP's remaining obligations thereunder, if any, and payment of the purchase price; for an award of damages general, special, actual, consequential, incidental and other damages in amounts which shall be proven at trial; for reformation of the DROA as and if necessary to reflect the true dates of execution; for an imposition of a constructive trust upon any funds received by SSK for sale of the Kiahuna Golf Properties; for punitive damages; for an award of fees, costs, and other expenses of litigation to the full extent permitted under the

DROA and applicable law; pre-judgment and post-judgment interest; and for such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, February 1, 2002.

BRUCE L. LAMON
ELLEN A. CIRANGLE

Attorneys for Plaintiff
DAVID RESNICK
dba KAUAI INVESTMENT PARTNERS

# EXHIBIT A

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

FOR THE DISTRICT OF HAWAII

DAVID RESNICK
dba KAUAI INVESTMENT PARTNERS

V.

SPORTS SHINKO (KAUAI) CO., LTD.,
dba SPORTS SHINKO KAUAI DEVELOPMENT;
DR. SATOSHI KINOSHITA

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: CV02 00062 HG BMK

TO: (Name and Address of Defendant)

SPORTS SHINKO (KAUAI) CO., LTD.
dba SPORTS SHINKO KAUAI DEVELOPMENT
175 Paoakalani Avenue, #300
Honolulu, HI  96815

DR. SATOSHI KINOSHITA
c/o SPORTS SHINKO (KAUAI) CO., LTD.
dba SPORTS SHINKO KAUAI DEVELOPMENT
175 Paoakalani Avenue, #300
Honolulu, HI  96815

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

BRUCE L. LAMON, ESQ.
1099 Alakea Street
Suite 1800
Honolulu, HI  96813
Telephone No.: 547-5600

an answer to the /First Amended complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

_____
CLERK

_____
BY DEPUTY CLERK

FEB 0 1 2002
_____
DATE

**ORIGINAL**