ORIGINAL

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON                1126-0
GLENN T. MELCHINGER  7135-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email: gtm@ahfi.com

Attorneys for Plaintiff
SPORTS SHINKO (USA) CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| SPORTS SHINKO CO., LTD., | ) | CIVIL NO. CV 04-00124 ACK/BMK |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **PLAINTIFF SPORTS SHINKO (USA) CO., LTD.'S RESPONSE TO DEFENDANT PUKALANI GOLF CLUB, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF SPORTS SHINKO (USA) CO., LTD., DATED FEBRUARY 22, 2005** |
| vs. | ) | |
| QK HOTEL, LLC, a Hawai'i limited liability company, | ) | |
| Defendant. | ) | |

279566-1/6850-5

EXHIBIT D

**PLAINTIFF SPORTS SHINKO (USA) CO., LTD.'S RESPONSE TO DEFENDANT PUKALANI GOLF CLUB, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF SPORTS SHINKO (USA) CO., LTD., DATED FEBRUARY 22, 2005**

Plaintiff SPORTS SHINKO (USA) CO., LTD. ("Plaintiff"), by and through its attorneys, Alston Hunt Floyd & Ing, hereby responds to Defendant Pukalani Golf Club, LLC's First Request for Answers to Interrogatories to Plaintiff Sports Shinko (USA) Co., Ltd. as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine and any other applicable privilege or doctrine, and no such information will be provided. By responding to the Interrogatories, Plaintiff does not waive, intentionally or otherwise, its attorney-client privilege, work product doctrine protection, or any other privilege or doctrine protecting its communications, transactions or records from disclosure and, therefore, provision of information inconsistent with the foregoing is

279566-1/6850-5                           4

wholly by mistake and not a waiver of any such privilege or protection.

    2.    Plaintiff objects to Defendant's definitions and instructions to the extent they attempt to impose obligations which exceed the requirements of the Federal Rules of Civil Procedure and other applicable laws.

    3.    The Responses to the Interrogatories are made without in any way waiving, but rather, intending to preserve and preserving:

    (a)    All objections of Plaintiff as to competency, relevancy, materiality and admissibility of the responses to the Interrogatories or the subject matter thereof;

    (b)    All rights of Plaintiff to object on any grounds to the use of any of said responses, or the subject matter thereof, in any subsequent proceedings, including trials; and

    (c)    All rights of Plaintiff to object on any grounds to any requests for further responses to these or any

other Interrogatories, or any other discovery requests involving or related to the subject matter of these Interrogatories.

    4.    Plaintiff objects to each of the Instructions, Definitions and Interrogatories to the extent that any or all of them purport to request information outside the possession, custody or control of Plaintiff on the grounds that they are overly broad and unduly burdensome and seek information that is outside the possession, custody or control of Plaintiff.

    5.    Each of the specific responses set forth below is subject to and incorporates these general objections.

DATED: Honolulu, Hawai'i, __MAY 1 3 2005__.

_(signature)_

PAUL ALSTON
GLENN T. MELCHINGER
Attorneys for Plaintiff
Sports Shinko (USA)
Co., Ltd.

## INTERROGATORIES

1. *Identify all persons who have served, or presently serve, as a Director of Plaintiff at any time between January 1, 2001 and January 1, 2005, and state the dates serving in that capacity.*

   **Objection:** Seeks irrelevant information; not reasonably calculated to lead to the discovery of admissible evidence.

   **ANSWER:**

   See attached table.

2. *Identify all persons who have served, or presently serve, as an Officer of Plaintiff at any time between January 1, 2001 and January 1, 2005, and state the dates serving in that capacity.*

   **Objection:** Seeks irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.

   **ANSWER:**

   See attached table.

3. *Identify all person who have been, or presently are Shareholders of Plaintiff at any time between January 1, 2001 and January 1, 2005, and state the dates serving in that capacity.*

   **Objection:** Seeks irrelevant information; not reasonably calculated to lead to the discovery of admissible evidence.

279566-1/6850-5

Sports Shinko (USA) Co., Ltd. Officers Directors

| Name | Position | 2001 | 2002 | 2003 | 2004 | 2005 |
|---|---|---|---|---|---|---|
| Toshio Kinoshita | President | ○ | ○※1 | | | |
| Takeshi Kinoshita | Vice president | ○ | ○※1 | | | |
| Satoshi Kinoshita | Vice president | ○ | ○※1 | | | |
| Toshiya Kinoshita | Director | ○ | ○※1 | | | |
| Tsugio Fukuda | Director | ○ | ○※1 | | | |
| Keijiro Kimura | President | | ○ | ○ | ○※6 | |
| Takashi Hattori | Secretary | | ○ | ○ | ○※6 | |
| Yoshihiko Machida | President | | | | ○ | ○ |
| | | | | | | |

※1  2002.3.31 (Resignation)
※2  2002.8.20 (Assumption)  2002.11.24 (Resignation)
※3  2002.11.25 (Assumption)
※4  2002.3.31 (Resignation)  2002.11.25 (Assumption)
※5  2003.11.30 (Assumption)
※6  2004.3.22 (Resignation)

208053-1/6850-5

## VERIFICATION

JAPAN              )
                   ) SS:
OSAKA              )

_Yoshihiko Machida_, being first duly sworn on oath, deposes and says:

That he is the _President_ of SPORTS SHINKO (USA) CO., LTD. and that he is an agent of SPORTS SHINKO (USA) CO., LTD. for the purpose of answering the foregoing *requests for answers to interrogatories* and for making this verification, and the foregoing answers are true according to his knowledge, information, and belief.

SPORTS SHINKO (USA) CO., LTD.

By _[signature]_
Its _President_

279566-1/6850-5