# PRICE OKAMOTO HIMENO & LUM

Attorneys at Law
A Law Corporation

Ocean View Center
707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Telephone: (808) 538-1113
Fax: (808) 533-0549

Warren Price III
Kenneth T. Okamoto
Sharon R. Himeno
Bettina W. J. Lum
Terence S. Yamamoto
Robert M. Kohn

Counsel

Robert A. Marks
Rick J. Eichor
Susan C. Wilson
Norma D. Titcomb

May 24, 2006

Paul Alston, Esq.
Alston Hunt Floyd & Ing
1001 Bishop Street
American Savings Tower, Suite 1800
Honolulu, Hawaii 96813

Re: Notice of Pendency of Action on Pukalani Property
Sports Shinko Co. Ltd. v. QK Hotel, LLC,
<u>D. Hawaii Cv. 04-00124 ACK-BMK and consolidated cases</u>

Dear Paul:

  This is a further response to your May 2 and earlier e-mails responding to our April 21, 2006 letter requesting your client's release of the Notice of Pendency of Action ("NOPA") recorded on February 23, 2004 on the lands owned by Pukalani Golf Club, LLC ("Pukalani Golf"). My April 21 letter requested that your client release the NOPA it recorded to allow construction financing, secured by the Pukalani golf course real property, for rebuilding of the clubhouse and other structures damaged in the April 15, 2006 fire. Thank you for your willingness to do so.

  My letter also asked your client to release the NOPA on the Pukalani lands to permit financing to rebuild or replace the sewage treatment plant operated by Pukalani STP Co., Ltd. ("Pukalani STP"), a request your client has rejected. This letter is directed to this issue.

  We hope your client will take into account the serious risk of harm to public health and safety if construction financing for Pukalani STP is made impossible by your client's NOPA. Our client's engineers has informed us that the existing sewage treatment plant is close to the end of its structural life expectancy and that a new treatment plant must be constructed without further delay to prevent malfunctions and/or leakages from the existing plant that could pose significant health and safety issues to the Pukalani community. As you know, our document production shows that the fact that the plant is near the end of its structural life expectancy was known by Sports Shinko, but not disclosed to my clients before closing.

**EXHIBIT B**

Paul Alston, Esq.
May 24, 2006
Page 2

      Pukalani STP is a subsidiary of Pukalani Golf, and is a public utility subject to the Hawaii Public Utilities Commission's ("HPUC") jurisdiction under Hawaii Revised Statutes Chapter 269.[1]  As a public utility, Pukalani STP is obligated to provide safe and reliable wastewater collection and treatment services to all of its customers situated within its authorized service territory.  As of this date, Pukalani STP's customers include many single-family dwellings, two shopping centers, a park, a public pool, a community center and two schools.  Thus, contrary to your clients' belief, Pukalani STP is a necessary component to not only the golf course and clubhouse, but also to the health, safety and welfare of the entire Pukalani community.

      Your clients' NOPA and its position to not release the NOPA to permit securing the necessary financing to reconstruct or replace the existing sewage treatment plant with a new sewage treatment plant is hindering, and in fact preventing, Pukalani STP from providing the facilities necessary to ensure safe and reliable service to the Pukalani community. Notwithstanding our clients' other disputes, we believe the release of the NOPA serves a more significant and prudent "public interest" purpose, which is to ensure that the Pukalani community is protected.  We certainly do not want to experience a situation similar to the City and County of Honolulu's wastewater predicament at the Ala Wai Canal, and we trust your client doesn't either.

      We therefore ask your client to reconsider its position and agree to lift the NOPA on the Pukalani lands for construction financing.  Without your client's cooperation, my clients will have no alternative but to seek remedies through either the courts or HPUC, during which time your client will likely be responsible for any failure that may occur to the existing sewage treatment plant from your refusal to allow Pukalani STP to take the prudent and necessary steps to rectify this growing risk.

      Please note that my client is willing to covenant that it will not sell the Pukalani lands, or encumber those lands further without your client's consent while the litigation is pending, subject only to a provision that your client's consent will not be unreasonably withheld.

      Your prompt response will be appreciated.

---

[1]    See Proposed Decision and Order No. 22015, filed on September 7, 2005, in Docket No. 05-0025, which was adopted by the HPUC by Decision and Order No. 22052, filed on September 28, 2005, in Docket No. 05-0025 and subject to one modification.

Paul Alston, Esq.
May 24, 2006
Page 3

        Very truly yours,

        PRICE OKAMOTO HIMENO & LUM

        Robert A. Marks

c:    Client
     Kent Morihara, Esq.
     Hawaii Public Utilities Commission
     Division of Consumer Advocacy
     Department of Health, Maui District Office, Wastewater Branch