PRICE OKAMOTO HIMENO & LUM

| | |
|---|---|
| WARREN PRICE III | 1212 |
| ROBERT A. MARKS | 2163 |
| RICK J. EICHOR | 1588 |

707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Phone: 808.538.1113
Fax: 808.533.0549
e-mail: ram@pohlhawaii.com

Attorneys for Defendants
KG HOLDINGS, LLC, KIAHUNA
GOLF CLUB, LLC, KG KAUAI
DEVELOPMENT, LLC, PUKALANI
GOLF CLUB, LLC, KG MAUI
DEVELOPMENT, LLC, MILILANI
GOLF CLUB, LLC, QK HOTEL, LLC,
and OR HOTEL, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>QK HOTEL, LLC, a Hawaii limited liability company, KG HOLDINGS LLC, a Hawaii limited liability company, FRANKLIN K. MUKAI,<br><br>    Defendants. | CV 04-00124 ACK-BMK<br>CONSOLIDATED CASES<br><br>**DEFENDANT KG HOLDINGS, LLC's REQUEST FOR ANSWERS TO INTERROGATORIES, REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SPORTS SHINKO (USA) CO., LTD.** |
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation, | CV 04-00125 ACK-BMK |

**EXHIBIT 30**

| | |
|---|---|
| vs.<br><br>OR HOTEL, LLC, a Hawaii limited liability company, KG HOLDINGS, LLC, a Hawaii limited liability company, FRANKLIN K. MUKAI,<br><br>    Defendants. | |
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MILILANI GOLF CLUB, LLC, a Hawaii limited liability company; KG HOLDINGS LLC, a Hawaii limited liability company, FRANKLIN K. MUKAI,<br><br>    Defendants. | CV 04-00128 ACK-BMK |

DEFENDANT KG HOLDINGS, LLC's REQUEST FOR ANSWERS TO INTERROGATORIES, REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF SPORTS SHINKO (USA) CO., LTD.

Pursuant to Rules 33, 36 and 34, respectively, of the Federal Rules of Civil Procedure, Defendant KG HOLDINGS, LLC, through its attorneys, Price Okamoto Himeno & Lum, hereby submits the following Request for Answers To Interrogatories, Request for Admissions, and Request for Production of Documents (collectively, "Discovery Requests") to Plaintiff Sports Shinko (USA) Co., Ltd. ("Plaintiff" or "you" or "your").

      b.    The documents, or so many of them as shall be selected after inspection, shall be copied and the originals returned to Plaintiff unless the parties agree otherwise. Copies of these documents may be made for other parties to this action, each such party bearing the expense of copying its set of documents.

    10.    Should there be any uncertainty whatsoever about the meaning of any term used herein, Plaintiff's counsel is hereby requested to contact the undersigned for clarification and/or to meet and confer to avoid unnecessary expenses and expending the Court's time in connection with Rule 37 motions. Your cooperation is requested and will be greatly appreciated.

    11.    This Discovery Request does not waive or diminish Plaintiff's duty to provide documents pursuant to Court rules requiring automatic disclosure of such documents.

    12.    Documents requested includes a request to produce copies of each and every document formerly in existence and known to or possessed by you or within your control but now lost or destroyed.

## DEFINITIONS

The following definitions are applicable to these Discovery Requests:

"**And**" and "**Or**" mean and/or.

"**Any**" shall be understood to encompass "all" and vice versa.

"**Business Activity**" means any activity undertaken as part of a commercial enterprise.

7

"Documents" is defined in Rule 34 of the Federal Rules of Civil Procedure to include writings, drawings, graphs, charts, photographs, phono records, computer diskettes, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into reasonably usable form. "Documents" may therefore mean the original and copies of any and all tangible materials, whether handwritten typed, printed, copied, photographed, recorded or produced or reproduced in any manner, including but not limited to books, records, letters, diaries, appointment books, calendars, information from computers and other electronic devices, including personal digital assistants (such as Palm devices, cell phones or other electronic organizers, etc.), itineraries, telegrams, wires, memoranda, interoffice communications, electronic mail ("E-mail"), reports, notes, drawings, charts, photographs, movies, tape recordings, contracts, agreements, travel reports and vouchers, expense accounts and vouchers, ledgers, financial statements, reports or worksheets, schedules, progress reports, bills, orders, receipts, journals, files, investigation reports, proposals, feasibility studies, estimates and/or projections, and includes, without limitation, all file copies and all drafts prepared in connection with such writing, whether used or not, and any other items falling within the scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

"Identify" when used in reference to an act means, unless otherwise indicated, to state: the date and place of the act, please identify the person acting, the person for whom the act was performed, the person against whom the act was directed, all witnesses to the act, and a detailed description of the act.

"Identify" when used in reference to Documents means, unless otherwise indicated, to state: the date the Document was prepared or the date shown thereon; the author (or if different, the signer(s) thereof); the recipient(s) of the Document; the Document's present location and custodian; a description of the type of Document, the page length of the Document, and any other means of identifying. In lieu of identifying any Document, a true and correct copy thereof may be annexed to and incorporated into Your response to this Request.

"Identify" when used in reference to an individual means, unless otherwise indicated, to state: the full name, current title or position, and telephone number of the individual and the relation which such individual or person had or has to or with you.

"Indicia of PPB" includes each of the following:

    1.    location of employees (stated in employees per U.S. State);

2. location and amount of sales (stated in dollars per U.S. State for the three month period ending on or about the Measuring Date);

3. location and amount of earned income (stated in dollars per U.S. State for the three month period ending on or about the Measuring Date);

4. location and value of tangible property (aggregating the dollar value of tangible property in the U.S. State where it is found);

5. location and value of legal claims for relief (aggregating the dollar value of legal claims for relief in the state in which litigation is brought);

6. location of production activities (identified by U.S. State);

7. location of purchasing department (identified by U.S. State);

8. location of bank accounts (identified by U.S. State);

9. location of administrative staff (identified by U.S. State);

10. location of corporate officers (identified by U.S. State);

11. location of control over hiring and firing of personnel (identified by U.S. State);

12. location of formulation of operating policies and procedures (identified by U.S. State);

13. location where contract negotiations are handled (identified by U.S. State);

14. location of executive offices (identified by U.S. State);

15. location of administrative offices (identified by U.S. State);

16. location where board of directors meetings were held (identified by U.S. State for the meeting immediately before the Measuring Date and the meeting immediately after the Measuring Date); and

17. location where income taxes were filed (identified by U.S. State for the tax years ending in 2003 and 2004).

"**Measuring Date**" means February 20, 2004.

"**Principal Place of Business**" shall have the meaning given by the Courts of the United States in construing that phrase as it is found in 28 USC § 1332(c)(1).

"Person" includes a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

"Relates to" or "Relating to" a given subject mean any Document or communication that constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, involves, or is in any way pertinent to that subject including without limitation, Documents concerning other Documents.

"SS-USA" means Plaintiff Sports Shinko (USA) Co., the plaintiff in D. Hawaii CV Nos. 04-125, 04-126 and CV 04-128.

## INTERROGATORIES

1.   Identify each and every Business Activity that SS-USA was engaged in in the United States of America as of the Measuring Date, and Identify the State(s) of the United States in which each Business Activity was being conducted as of the Measuring Date.

ANSWER:

4. Identify which State of the United States was the Principal Place of Business of SS-USA as of the Measuring Date.

ANSWER:

## REQUEST FOR ADMISSION

1. Admit that Hawaii was the Principal Place of Business of SS-USA as of February 20, 2004.

_____ Admit  _____ Deny

13

DATED: Honolulu, Hawaii, August 31, 2005

/s/ *signature*
_____
WARREN PRICE III
ROBERT A. MARKS

Attorneys for Defendants
KG HOLDINGS, LLC, KIAHUNA
GOLF CLUB, LLC, KG KAUAI
DEVELOPMENT, LLC, PUKALANI
GOLF CLUB, LLC, KG MAUI
DEVELOPMENT, LLC, MILILANI
GOLF CLUB, LLC, QK HOTEL, LLC, and
OR HOTEL, LLC

17