IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japan corporation,<br>      Plaintiff,<br>  vs.<br>QK HOTEL, LLC, a Hawaii limited liability company, et al.,<br>      Defendants,<br>  and<br>FRANKLIN K. MUKAI, et al.,<br>      Third-Party Plaintiffs,<br>  vs.<br>SPORTS SHINKO (USA) CO., LTD., a Delaware Corporation, et al.<br>AND CONSOLIDATED CASE | CV 04-00124 ACK-BMK<br>CV 04-00127 ACK-BMK<br><br>CONSOLIDATED CASES<br><br>DECLARATION OF ROBERT A. MARKS |

<u>DECLARATION OF ROBERT A. MARKS</u>

Pursuant to 28 U.S.C. § 1746, ROBERT A. MARKS states as follows:

    1.    I am an attorney licensed to practice law before this Court.

    2.    I am counsel for Defendants, Counterclaimants, and Third-Party Plaintiffs KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC, and OR HOTEL, LLC.

    3.    Attached and marked Exhibits 1A and 1B are true and correct copies of the Third Amended Complaints filed by Sports Shinko Co., Ltd. ("SS-Japan")

1

on January 19, 2007 in D. Hawaii Civ. Nos. 04-00124 ACK-BMK and 04-00127 ACK-BMK, respectively.

4. Attached and marked Exhibits 2A and 2B are true and correct copies of the Third Party Counterclaims filed by Sports Shinko (Hawaii) Co., Ltd., Sports Shinko Resort Hotel Corporation ("SSRHC") and Sports Shinko (Waikiki) Corporation ("SS-Waikiki") on January 13, 2006 in D. Hawaii Civ. Nos. 04-00124 ACK-BMK and 04-00127 ACK-BMK, respectively.

5. Attached and marked Exhibit 3 are true and correct copies of excerpts of the 2004 U.S. Corporation Income Tax Return submitted to the Internal Revenue Service by Sports Shinko (USA) Co., Ltd. ("SS-USA") and the subsidiaries identified therein, including SS-Waikiki. The plaintiff and affiliated companies produced this document in discovery in this litigation. This exhibit has been highlighted as provided by Rule 56.1(c) of the Rules of the United States District Court for the District of Hawaii.

6. Attached and marked Exhibit 4 is a true and correct copy of the Loan Purchase Agreement and Supplement to Loan Purchase Agreement between South Wind Realty Finance (Cayman) Company ("South Wind") and SS-Japan, both of which are dated or effective as of December 30, 2004. The plaintiff and affiliated companies produced these documents in discovery in this litigation. This exhibit

has been highlighted as provided by Rule 56.1(c) of the Rules of the United States District Court for the District of Hawaii.

7. Attached and marked Exhibit 5 is a true and correct copy of SS-Japan's and SS-USA's Supplemental and Amended Answers to KG Interrogatories dated December 21, 2005. This exhibit has been highlighted as provided by Rule 56.1(c) of the Rules of the United States District Court for the District of Hawaii.

8. Attached and marked Exhibit 6 is a true and correct copy of the Balance Sheet, Income Statement and Trial Balance of SS-Waikiki as of December 31, 2004. The plaintiff and affiliated companies produced these documents in discovery in this litigation. This exhibit has been highlighted as provided by Rule 56.1(c) of the Rules of the United States District Court for the District of Hawaii.

9. Attached and marked Exhibit 7 is a true and correct copy of certain documents culled from a production of documents made by the plaintiff and affiliated companies on March 23, 2007 ("3/23 Production"). The 3/23 Production consists of a stack of paper approximately 6″ thick and comprising approximately 1,000 pages. According to the transmittal from plaintiff's attorneys' law firm accompanying the 3/23 Production, it consists of "Promissory Notes and Related Documents". The documents that comprise Exhibit 7 are all the documents from the 3/23 Production that I could identify that could possibly be related to the formation of an alleged debt owed by SS-Waikiki to SS-Japan. Based upon

discussions with plaintiff's counsel, the 3/23 Production consists of all the promissory notes and related documents that plaintiff's counsel could locate. Exhibit 7 has been highlighted as provided by Rule 56.1(c) of the Rules of the United States District Court for the District of Hawaii.

10. In my review of the 3/23 Production, I found no documents that could relate to the formation of an alleged debt owed by SS-Waikiki to SS-Hawaii, or the formation of an alleged debt owed by SS-Waikiki to SSRHC.

11. The 3/23 Production was made after many requests from me, both formal and informal, to the Sports Shinko companies to produce documentary proof of the formation of the inter-company debt they allege exist in the pleadings in this and the three cases that were dismissed by order filed on April 5, 2007. The 3/23 Production was made shortly before the foregoing order of dismissal was filed. Most of the documents comprising the 3/23 Production relate to alleged inter-company debt implicated in the dismissed cases.

12. On March 30, 2007, SS-Japan and SS-USA served answers to interrogatories served by Defendant Franklin Mukai five months earlier (on October 19, 2006). The interrogatories identified a large number of documents by bates number range that, among other things, purport to identify the documents that show "SS-Japan's alleged status as a creditor of SS-Waikiki." On March 30, 2007, I asked plaintiff's counsel to provide a print out of the documents identified

4

in its interrogatory responses.  To date, I have received six boxes of documents in response to this request, and expect to receive three more boxes.  I have reviewed the six boxes of documents received to date, and based upon my review, none of the documents provide documentary support for the origination of an enforceable debt between SS-Waikiki and SS-Japan beyond what was produced in the 3/23 Production.  Note that some of the documents produced are in the Japanese language, but none appear to be to be documentary support for the origination of an enforceable debt between SS-Waikiki and SS-Japan.  It is possible that the remaining three boxes of documents that plaintiff will produce will include documents that have a bearing on this motion.

13.   There is a supplemental production of documents from Grant Thornton, LLP ("GT") being made pursuant to the KG Parties' subpoena.  GT prepared the 2004 U.S. Corporation Tax Return of SS-USA and subsidiaries (excerpted in Exhibit 3).  The supplemental GT production, which is presently being reviewed for privilege by plaintiff's counsel, may contain additional evidence related to Exhibit 3 that may have a bearing on this motion.

14.   The KG Parties' Second Amended Motion to Compel set for hearing before Judge Kurren on June 1, 2007 seeks an order compelling plaintiff to provide particularized proof of the alleged inter-company debt owed by SS-Waikiki to SS-Japan, and also seeks the documents from which certain Sports Shinko Companies'

financial statements as of December 31, 2004 were prepared (including the documents underlying Exhibit 6 hereto).  If further evidence is produced by the plaintiff in response to the Second Amended Motion to Compel, this may have a bearing on this motion.

15. Exhibits 3, 4, 5 and 6 have been marked "confidential" by or on behalf of the plaintiff.  Under ¶ 8 of the Amended Stipulated Protective Order filed herein on April 10, 2007 ("SPO"), plaintiff has the burden to show that it is proper for these exhibits to be filed under seal.  I will arrange for copies of Exhibits 3, 4, 5 and 6 to be submitted to the chambers of the Court pursuant to the SPO.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Honolulu, Hawaii on May 10, 2007.

/s/ Robert A. Marks
ROBERT A. MARKS