# Paul Hastings
**ATTORNEYS**

Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street • 25th Floor • Los Angeles, CA 90071-2228
telephone 213 683 6000 • facsimile 213 627 0705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(213) 683-6305
johnporter@paulhastings.com

70029.00004

January 26, 2006

**VIA FACSIMILE AND U.S. MAIL**

Robert A. Marks
Price, Okamoto, Himeno & Lum
Ocean View Center
707 Richards Street, Suite 728
Honolulu, Hawaii 96813

Re:     Sports Shinko Co. Ltd. v. QK Hotel, LLC,
        <u>D. Hawaii Cv. 04-00124 ACK-BMK and consolidated cases</u>

Dear Mr. Marks:

At the present time, I only represent Mr. Shigeki Kiritani and Goldman Sachs (Japan), Ltd. Because Mr. Kiritani and Goldman Sachs (Japan), Ltd. are citizens and residents of Japan, they are beyond the subpoena power of the District Court in Hawaii. You cannot use the Federal Rules of Civil Procedure to compel Mr. Kiritani to appear individually for a deposition or to compel Goldman Sachs (Japan), Ltd. to designate someone for a Rule 30(b)(6) deposition. As I stated in my January 25 letter, Mr. Kiritani and Goldman Sachs (Japan), Ltd. decline your request that they appear voluntarily for deposition.

Very truly yours,

*/s/ John E. Porter*

John E. Porter
of PAUL, HASTINGS, JANOFSKY & WALKER LLP
LEGAL_US_W # 53208083.1

**EXHIBIT 17**

# PRICE
# OKAMOTO
# HIMENO
# & LUM

Attorneys at Law
A Law Corporation

Ocean View Center
707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Telephone: (808) 538-1113
Fax: (808) 533-0549

Warren Price III
Kenneth T. Okamoto
Sharon R. Himeno
Bettina W. J. Lum
Terence S. Yamamoto
Robert M. Kohn

Counsel

Robert A. Marks
Rick J. Eichor
Susan C. Wilson
Norma D. Titcomb

January 25, 2006

VIA E-MAIL AND MAIL
John E. Porter, Esq.
Paul Hastings Janofsky & Walker, LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228

Re: Sports Shinko Co. Ltd. v. QK Hotel, LLC,
D. Hawaii Cv. 04-00124 ACK-BMK and consolidated cases

Dear Mr. Porter:

Thank you for your faxed letter of January 25, responding to my letter of January 13 to your client, Mr. Shigeki Kiritani.  Copies of both letters are enclosed for the benefit of those receiving copies of this letter.

We are willing to travel to Japan for discovery, and would like to begin facilitating that process with you.  Please provide dates for when Mr. Kiritani and the Rule 30(b)(6) witness(es) of Goldman Sachs (Japan), Ltd. will be available for deposition on the topics outlined in my January 13 letter.

If you also represent The Goldman Sachs Group, Inc., Goldman Sachs Japan Realty Limited, MLQ Investors, L.P., South Wind Realty Finance (Cayman) Company, Accordia Golf Co., Ltd., Accordia Holdings, Co., Ltd. and/or Follow Wind, LLC, your assistance in arranging convenient dates for those witnesses will also be appreciated.  If these companies are not your clients, we'd appreciate receiving information you might have as to the identity of their attorneys.

We appreciate any efforts you are willing to make so this process can proceed smoothly.

John E. Porter, Esq.
January 25, 2006
Page 2

                        Very truly yours,

                        PRICE OKAMOTO HIMENO & LUM

                        Robert A. Marks

Enclosures

c:     Client
      William Bordner, Esq.
      Paul Alston, Esq./Glenn T. Melchinger, Esq.
      Esta Eiger Stecher, Esq.
      Gregory K. Palm, Esq.

# PaulHastings
## ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street • 25th Floor • Los Angeles, CA 90071-2228
telephone 213 683 6000 • facsimile 213 627 0705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(213) 683-6305
johnporter@paulhastings.com

January 25, 2006

70029.00004

VIA FACSIMILE AND U.S. MAIL

Robert A. Marks
Price, Okamoto, Himeno & Lum
Ocean View Center
707 Richards Street, Suite 728
Honolulu, Hawaii 96813

Re: <u>Sports Shinko Co. Ltd. v. QK Hotel, LLC,
D. Hawaii Cv. 04-00124 ACK-BMK and consolidated cases</u>

Dear Mr. Marks:

Mr. Shigeki Kiritani and Goldman Sachs (Japan), Ltd. have retained me to represent them in connection with the request in your January 13, 2006 letter to Mr. Kiritani. As you know, neither Mr. Kiritani nor Goldman Sachs (Japan), Ltd. is a party to the <u>Sports Shinko Co. Ltd. v. QK Hotel, LLC</u> litigation referenced above (the "Action"). For the record, this letter does not constitute an appearance in the Action, and Mr. Kiritani and Goldman Sachs (Japan), Ltd. do not consent to the Court's jurisdiction.

As citizens and residents of Japan, Mr. Kiritani and Goldman Sachs (Japan), Ltd. cannot be compelled to appear for deposition in either Hawaii or New York. Mr. Kiritani and Goldman Sachs (Japan), Ltd. decline your request that they appear voluntarily for deposition.

Very truly yours,

John E. Porter
of PAUL, HASTINGS, JANOFSKY & WALKER LLP
LEGAL_US_W # 53200486.3

# PRICE
# OKAMOTO
# HIMENO
# & LUM

Attorneys at Law
A Law Corporation

COPY

Warren Price III
Kenneth T. Okamoto
Sharon R. Himeno
Bettina W. J. Lum
Terence S. Yamamoto
Robert M. Kohn

Counsel

Robert A. Marks
Rick J. Eichor
Susan C. Wilson
Norma D. Titcomb

Ocean View Center
707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Telephone: (808) 538-1113
Fax: (808) 533-0549

January 13, 2006

VIA MAIL AND E-MAIL
Mr. Shigeki Kiritani
Managing Director
The Goldman Sachs Group, Inc.
c/o Goldman Sachs (Japan), Ltd.
Roppongi Hills Mori Tower, Level 43-48
10-1, Roppongi 6-chome
Minato-ku, Tokyo 106-6147
Japan

Re:  Sports Shinko Co. Ltd. v. QK Hotel, LLC,
     D. Hawaii Cv. 04-00124 ACK-BMK and consolidated cases

Dear Mr. Kiritani:

We are the Hawaii attorneys for KG Holdings, LLC and its subsidiaries. As you know, Sports Shinko Co., Ltd. and Sports Shinko (USA) Co., Ltd., indirect subsidiaries of The Goldman Sachs Group, Inc., have sued our clients in Hawaii. The Sports Shinko entities are represented by Alston Hunt Floyd & Ing, a law firm in Honolulu. Sports Shinko's attorneys have informed us that they do not represent Goldman Sachs. Accordingly, we are corresponding directly with you.

We would like to take the depositions of various representatives of The Goldman Sachs Group, Inc. and its subsidiaries, including you, in connection with Sports Shinko Co., Ltd. and Sports Shinko (USA) Co., Ltd.'s litigation in Hawaii. We would like to discuss the timing and content of these depositions with you, the other designees of Goldman Sachs, or your attorneys. We would also like to work with you to determine the documents that are available on the pertinent topics.

The topics we would like to discuss with you are summarized below. References to "Goldman Sachs" means The Goldman Sachs Group, Inc., Goldman Sachs (Japan), Inc., Goldman Sachs Japan Realty Limited, MLQ Investors, L.P., South Wind Realty Finance (Cayman) Company, Accordia Golf Co., Ltd., Accordia Holdings Co., Ltd., Follow Wind, LLC, and the direct and indirect subsidiaries of each of these companies.

Mr. Shigeki Kiritani
January 13, 2006
Page 2

- When and how Goldman Sachs become aware of Sports Shinko Co., Ltd. and interested in its affairs.

- The offer from Goldman Sachs Realty Japan, Limited to Sports Shinko (Hawaii) Co., Ltd. dated August 4, 2000 (enclosed).

- Goldman Sachs' communications with RCC (Seiri Kaisha Kiko Co., Ltd.) concerning the Sports Shinko companies, including whether it began before RCC filed involuntary corporate reorganization proceedings against Sports Shinko Co., Ltd. in February 2002.

- Goldman Sachs' strategy for acquiring golf courses in Japan, including the acquisition of Nitto Kogyo Co., Ltd.

- A meeting between you and Toshio Kinoshita, the former president of the various Sports Shinko companies, before the involuntary reorganization proceedings were filed by RCC. We'd like to learn the purpose of that meeting and your recollection of the discussion with Mr. Kinoshita.

- The nature of the involvement of the various Goldman Sachs entities identified above in the control, operation and ownership of Sports Shinko companies since February 2002 to current.

- An explanation of the various transactions involving the foregoing Goldman Sachs companies concerning ownership and control of the Sports Shinko companies.

- The amounts paid to the Trustee Tahara and his subordinates in connection with the corporate reorganization of Sports Shinko Co., Ltd. by Goldman Sachs.

- The amount paid to acquire the stock of Sports Shinko Co., Ltd. by Goldman Sachs.

- Any tax benefit or detriment enjoyed or suffered by any of the Goldman Sachs entities as a result of the acquisition of the stock of Sports Shinko Co., Ltd. or Sports Shinko (USA) Co., Ltd., and a discussion of whether the tax benefits received were proper. This would include tax benefits to any government taxing authority.

- Whether, after taking into account the tax benefits received, the Goldman Sachs entities suffered any financial loss or other harm as a result of the acquisition of the stock of Sports Shinko Co. Ltd. or Sports Shinko (USA) Co., Ltd.

Mr. Shigeki Kiritani
January 13, 2006
Page 3

- Goldman Sachs' entities' acquisition of the debts owed to Sports Shinko Co., Ltd. from its Hawaii operating subsidiaries, and the tax treatment of the acquired debt by Goldman Sachs entities. This would include a discussion of whether any tax benefits received were proper.

- Whether, after taking into account the tax benefits received, the Goldman Sachs entities suffered any financial loss or other harm as a result of the intercompany debt between Sports Shinko Co. Ltd. or Sports Shinko (USA) Co., Ltd. and their Hawaii operating companies.

We will begin with depositions on written interrogatories to obtain documents from the Goldman Sachs companies on these (and perhaps other) topics. We suggest the deposition be noticed in Honolulu, a state in which The Goldman Sachs Group, Inc. is registered to do business. We assume this is more convenient for you and the other designees, who are almost certainly all in Japan, rather than holding the deposition in the principal place of business of The Goldman Sachs Group (New York).[1]

We would like to work with you and your attorneys to resolve any logistical problems or burdens that may arise in connection with this deposition. Among other things, we are willing to discuss taking the deposition by videoconference so that it is not necessary for you and other Goldman Sachs designees to travel. We should also discuss whether a translator will be necessary.

---

[1] Taking the deposition in the United States is proper pursuant to <u>United States v. Int'l Union of Petroleum and Industrial Workers, AFL-CIO</u>, 870 F.2d 1450 (9th Cir. 1989) ("a corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls.") <u>See also</u> <u>Dietrich v. Bauer</u>, 2000 U.S. Dist. LEXIS 11729 (S.D. N.Y. 2000) ("Numerous courts have concluded that a parent corporation has a sufficient degree of ownership and control over a wholly-owned subsidiary that it must be deemed to have control over documents located with that subsidiary.") (concerning a subpoena to the New York office of the parent company to obtain its subsidiary's records in the United Kingdom) and <u>Ssangyong Corp. v. Vida Shoes Int'l., Inc.</u>, 2004 U.S. Dist. LEXIS 9101 (S.D.N.Y. 2004) (compelling a Hong Kong bank to produce its Hong Kong records pursuant to a subpoena served on its New York branch).

Based upon the Form 10-K filed by The Goldman Sachs Group, Inc. with the Securities and Exchange Commission for the fiscal year ended November 26, 2004, The Goldman Sachs Group, Inc. "owns, directly or indirectly, at least 99% of the voting securities of" Goldman Sachs (Japan) Ltd. <u>See</u> Exhibit 21.1 to Form 10K. According to its website, Goldman Sachs Realty Japan, Ltd. is a wholly owned subsidiary of The Goldman Sachs Group, Inc. <u>See</u> http://www.gsrjl.com.

Mr. Shigeki Kiritani
January 13, 2006
Page 4

      Be assured that we are prepared to proceed in whatever manner best suits the convenience of the witnesses for Goldman Sachs as well as the scheduling requirements of the attorneys involved in the litigation.

      Please let us know your availability to participate in a records deposition in the next month or so, as well as the names and availability of the various designees of Sports Shinko to discuss the foregoing topics.

      Thank you. We look forward to hearing from you or your counsel soon.

                        Very truly yours,

                        PRICE OKAMOTO HIMENO & LUM

                        Robert A. Marks

Enclosure

c:    Client
     William Bordner, Esq.
     Paul Alston, Esq./Glenn T. Melchinger, Esq.